Wardlaw, J.
dissenting. I agree as to the admissibility of Faxton. I agree that, under our statute, (6 Stat. 393,) one who buys or receives stolen goods, knowing them to be stolen, may be indicted for the misdemeanor which is perpetrated by the mere act of receiving, although he may have been an accessary before the fact in the felony which was committed by the person from whom he buys or receives.
I agree also that, upon the indefinite terms of the statute, the indictment might have been sufficient, without the name of the person from whom the goods were received, or the name of the person by whom they were stolen — although no precedent of an indictment so vague can be found: but *278 the indictment here having stated that the goods were stolen by Paxton, and that the defendant received them from Pax-ton, and if these allegations be struck out, there remaining no distinct allegation either that the goods were stolen, or that they were received — I cannot agree that it was wholly immaterial whether the name “Paxton” was correct or not.
“Where an offence is stated in an indictment with greater particularity than is necessary, unnecessary allegations of description of some ingredient in the offence, and not merely of circumstances of aggravation, are material and relevant, and cannot be rejected as surplusage.”
Here the name occurs in the allegation that he received— the very gist of the offence. It is supposed that the words “of and for Paxton” may be struck out, and a sufficient allegation that he received indefinitely, will remain: but I do not understand that the right of thus separating words in a clause of an averment, not separated even by a comma, is intended by the rules which regulate rejection as surplusage. Even in civil pleading it is not so. In Williamson v. Allison, 2 East, 446, Lawrence, J. said, “If the whole of an averment may be struck out, without destroying the plaintiff’s right of action, it is not necessary to prove it. But otherwise, if the whole cannot be struck out without getting rid of a part essential to the cause of action — for then, though the averment be more particular than it need have been, the whole must be proved, or the plaintiff cannot recover.”
So in Briston v. Wright, 667, it was necessary to aver that rent was reserved, but the averment was, that rent was reserved quarterly; and it was held that it must be proved as it was laid.
Richardson, J. concurred in this dissent.

Motion dismissed.